## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

FREDERICK BANKS,
REG. #05711-068                                                        PLAINTIFF

V.                                  2:12CV00094 SWW/JTR

TIMOTHY C. OUTLAW,
Warden, FCI-FC, et al.                                              DEFENDANTS

### ORDER OF DISMISSAL

Plaintiff, Frederick Banks, is a prisoner in the Federal Correctional Institution

located in Forrest City, Arkansas. He has filed a *pro se*[1] Complaint and an Application

to Proceed *In Forma Pauperis. See* docket entries #1 and #2.

### I.  Discussion

The Prison Litigation Reform Act contains a three strikes provision, which

specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or

---

[1] Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Plaintiff is a well established three-striker, who has filed numerous frivolous lawsuits in federal courts throughout the country.   *See*, *e.g.*, *Banks v. U.S. Marshal,* Case No. 07-6191, 2008 WL 1751700 (10th Cir. April 26, 2008) (unpublished decision); *Banks v. Pennsylvania,* Case No. 09-1437, 2010 WL 569545 (W.D. Pa. Jan 4, 2010) (unpublished decision).

Nevertheless, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his Complaint, Plaintiff alleges that, on *unspecified dates*, Defendants:  (1) failed to give him $500 in preparation for his release from prison; (2) falsified a psychiatric evaluation; (3) placed him on psychiatric medications in retaliation for filing lawsuits; (4) refused to give him copies of his medical records; (5) failed to respond to his grievances; (6) violated his First Amendment right to freely exercise his religious beliefs; and (7) denied him permission to send emails.  *See* docket entry #1.

None of these allegations suggest that Plaintiff is *currently* in imminent danger of *serious* physical injury.  Accordingly, the Court concludes that he has failed to satisfy the imminent danger exception to the three strikes rule.

## II.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #2) is DENIED, and this case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

2.    If Plaintiff wishes to continue this case, he must, **within thirty (30) days of the entry of this Order of Dismissal**:  (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a Motion to Reopen the case

3.    The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in*

*forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 14th day of June, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE